IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JENNIFER LEE CORTESE,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES POST OFFICE,<br><br>Defendant. | Cause No. CR 20-65-BLG-SPW-TJC<br><br>FINDINGS AND<br>RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE |

On March 23, 2020, Plaintiff Cortese filed a complaint (Doc. 3) in Montana's Thirteenth Judicial District Court, Yellowstone County. Within thirty days of service of the complaint, Defendant removed the case to this Court. *See* Sheriff's Return of Service (Doc. 2-1 at 6); Notice of Removal (Doc. 1) at 2 ¶ III, 3 ¶ IV (citing 28 U.S.C. §§ 1442(a)(1) and 1446(b), respectively). The Court noted the state court granted leave to proceed in forma pauperis and adopted its ruling. *See* Order (Doc. 13) at 5 ¶ 1.

On May 20, 2020, the Defendant filed a motion to dismiss the complaint for failure to state a claim or, in the alternative, a motion for a more definite statement. *See* Def. Mot. (Doc. 4). On November 16, 2020, the Court granted the motion to dismiss but gave Cortese leave to amend. The order briefly described the

1

complaint's deficiencies, gave some guidance for amendment, and set a deadline of December 16, 2020, for Cortese's response. *See* Order (Doc. 13) at 2–4. Cortese was advised that the case would be recommended for dismissal if she failed to respond to the Order.

Cortese failed to respond to the Order.

With one exception, Cortese's original complaint merely listed causes of action: "wrongful termination," "harassment," "hostile work environment," and "age discrimination." Compl. (Doc. 3) at 1–2 ¶¶ 1–3, 5. These causes of action might have referred to state law, to federal law, or both. The exception to the list consisted of a few words, some illegible, indicating that Cortese was considered a good employee until a new postmaster took office. *See id.* at 3 ¶ 4. This was an allegation of fact, but it did not explain what happened clearly enough to support an inference that Cortese had a right to relief.

All the allegations of the original complaint, taken together, were so sparse that the Court was unable even to determine what law should apply to the case. The Court found, and still finds, the complaint fails to state a claim. Despite some guidance and an opportunity to amend, *see Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), Cortese has not presented allegations of fact or a pleading on which the case may proceed. The case should be dismissed.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1.  This matter should be DISMISSED for failure to state a claim on which relief may be granted.

2.  The District Court should CERTIFY that any appeal of its disposition could not be taken in good faith as the complaint is too sparse to support a claim.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may object to the Findings and Recommendations within 14 days.  *See* 28 U.S.C. § 636(b)(1).[1]  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Cortese must immediately notify the Court of any change in her mailing address by filing a "Notice of Change of Address."</u>  Failure to do so may result in dismissal of her case without notice to her.

DATED this 4th day of January, 2021.

                                              */s/ Timothy J. Cavan*
                                              Timothy J. Cavan
                                              United States Magistrate Judge

---

[1] This deadline allows a party to act within 14 days after the Findings and Recommendation is "served."  Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.